UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:16-CR-00044-4-JRG |
| | ) |
| ZACKERY MOORE | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Zackery Moore's Motion for Relief under Title 18 U.S.C. § 3582(c)(1)(A) [Doc. 179] and the United States' Response in Opposition [Doc. 181]. Acting pro se, Mr. Moore, who is fifty-four years of age, maintains that "he should be considered for a sentence reduction to time served [or] compassionate release" because of the COVID-19 pandemic. [Def.'s Mot. at 1]. Specifically, Mr. Moore contends that, if he were to contract COVID-19, he would be "at a heightened risk for death" because he suffers from high blood pressure and is "elderly." [*Id.*].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon

motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that Mr. Moore has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [United States' Resp. at 5].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Mr. Moore does not contend that his underlying conditions—in and of themselves—are terminal. Rather, he argues that if he were to contract COVID-19, it would put him at a heightened risk of serious illness in combination with his

underlying high blood pressure. [Def.'s Mot. at 1]. The Court therefore construes his request for compassionate release as falling within the second scenario.

In considering whether Mr. Moore's underlying condition, against the backdrop of the COVID-19 pandemic, "substantially diminishes [his] ability" to "provide self-care within" the prison's walls and leaves him without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020), *vacated on other grounds*, ___ F. App'x ___, 2020 WL 3867393 (6th Cir. 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). According to the CDC's guidelines, "[p]eople of any age with the following conditions *are at increased risk* of severe illness from COVID-19":

- Cancer
- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

*People Who Are at Higher Risk for Severe Illness,* Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020).

Mr. Moore's underlying condition—high blood pressure—matches none of those that the CDC identifies as likely to place an individual at a heightened risk of severe illness from COVID-19. Although the CDC acknowledges that people with high blood pressure "*might* be at an increased risk for severe illness from COVID-19," *id.* (emphasis added), the CDC has also recently stated that "people whose only underlying medical condition is hypertension are not considered to be at higher risk for severe illness from COVID-19," *Frequently Asked Questions*, Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html#People-at-Higher-Risk-for-Severe-Illness (last updated July 15, 2020). According to Mr. Moore, his only underlying condition is high blood pressure, and the Court therefore cannot conclude, based on the CDC's guidelines, that he is at a heightened risk of severe illness from COVID-19. Also, the Court would be remiss if it did not mention that Mr. Moore is taking prescribed medication to keep his blood pressure under control. [Def.'s Med. Records, Doc. 185, at 1–2].

Although Mr. Moore also argues that COVID-19 "in its self is an extraordinary and compelling circumstance" for a prisoner's release, [Def.'s Mot. at 2], the courts in this circuit and elsewhere have roundly rejected this argument. *See United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

The Court sympathizes with Mr. Moore's concerns, but it is unwilling to order the release of prisoners whose underlying conditions, based on the CDC's guidelines, do not place them at a greater risk of severe illness from COVID-19; otherwise, the Court, to be evenhanded, would face the untenable situation of having to release all prisoners with any underlying condition. *See United States v. Wright*, No. CR-16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." (footnote omitted))*; see also United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (recognizing that "compassionate release due to a medical condition is an extraordinary and rare event" (quotation omitted)).

In any case, even if the Court were to view Mr. Moore's high blood pressure as likely to put him at a heightened risk of severe illness from COVID-19, he still would not be entitled to compassionate release because he provides the Court with no indication that he is in danger of contracting the virus. COVID-19 has not affected FCI Beckley, the facility where Mr. Moore is serving his sentence, to the same level as other federal facilities throughout the country. In fact, it has been largely unscathed by COVID-19; the Federal Bureau of Prisons ("BOP") reports no active cases among the prison population at FCI Beckley, and it reports only a single active case among the staff. *COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last updated July 30, 2020).

And Mr. Moore, significantly, does not claim that either he or any other inmate has been exposed to COVID-19 at FCI Beckley, or that the BOP has failed to take swift, appropriate, and effective measures to quarantine the infected staff member. Under these circumstances, he is not entitled to compassionate release. *Cf. United States v. You*, No. 20- 5390, at 2 (6th Cir. Apr.

22, 2020) (PACER) (noting the scarcity of "COVID-19 cases at [the defendant's] present facility" and observing that "her facility has implemented precautionary measures to protect those detained in the facility"); *see Raia*, 954 F.3d at 597 (referring to the BOP's "extensive and professional efforts to curtail the virus's spread" (citation omitted)); *United States v. Elebesunu*, No. GJH-13-008, 2020 WL 3791978, at *2 (D. Md. July 7, 2020) ("Under circumstances such as these where the number of cases at the facility is low and BOP appears to have controlled the spread, the imminence of the risk to [the defendant] is diminished and weighs against granting compassionate release." (citation omitted)); *United States v. Arafat*, No. 12-cr-45, 2020 WL 3790727, at *6 (D. Minn. July 7, 2020) ("[E]ven assuming [the defendant's] underlying medical conditions exist, [he] has failed to demonstrate a particularized risk of contracting the disease. To date, FCI-Sandstone has only one reported case of COVID-19." (citation omitted)).

In sum, the Court, again, sympathizes with Mr. Moore's concerns, but he is not entitled to compassionate release under § 3582(c)(1)(A). Mr. Moore's Motion for Relief under Title 18 U.S.C. § 3582(c)(1)(A) [Doc. 179] is therefore **DENIED**.

So ordered.

ENTER:

                                                      s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE