UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:16-CR-00044-4-JRG-CRW |
| | ) | |
| ZACKERY MOORE | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Zackery Moore's letter [Doc. 188], in which Mr. Moore requests compassionate release, [*id.* at 2]. The Court construes Mr. Moore's letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] In 2016, Mr. Moore pleaded guilty to conspiring to distribute and possess with the intent to distribute more than 28 grams, but less than 280 grams, of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. [Plea Agreement, Doc. 72, at 1]. The Court sentenced him to 96 months' imprisonment. [J., Doc. 152, at 2].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his

---

[1] Mr. Moore had filed a prior motion for compassionate release, which the Court denied. [Mem. Op. & Order, Doc. 186].

administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden. Section § 3582(c)(1)(A) now states:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), compassionate release is "discretionary, not mandatory," *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) (citation omitted), and the statute contains three substantive requirements that the Court must address in sequential order before it can grant compassionate release, *id.*; *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must determine that "extraordinary and compelling reasons warrant" a sentence reduction. *Ruffin*, 978 F.3d at 1004 (quoting § 3582(c)(1)(A)(i)). The Court has "discretion to define 'extraordinary and compelling' [reasons] on [its] own initiative." *United States v. Elias*, 984

F.3d 516, 519–20 (6th Cir. 2021). Second, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *Ruffin*, 978 F.3d at 1004 (quoting § 3582(c)(1)(A)), though "federal judges *may* skip" this step by exercising their discretion "to define 'extraordinary and compelling'" reasons on their own initiative, *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). And third, the Court must consider any applicable factors under § 3553(a) "and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010))). In attempting to satisfy the first requirement, Mr. Moore cites an "overwhelming rise" in COVID-19 infections in the facility where he is housed and the need to care for his elderly mother. [Def.'s Mot. at 1].

While Mr. Moore's motion was pending, however, the Bureau of Prisons released Mr. Moore, and his release, by every appearance, now moots his request for compassionate release. *Cf. United States v. Palmer*, No. 2:14-cr-20675, 2020 WL 6273475, at *1 (E.D. Mich. Oct. 26, 2020) ("Because 'Defendant is serving the remainder of [his] term on home confinement, there is no extraordinary and compelling reasons to reduce [his] sentence.'" (quotation omitted)). But even if his motion is not moot, it is meritless because he fails to identity an extraordinary and compelling reason for his release. First, FCI Beckley, the facility where he was incarcerated, currently has no active infections among its staff or its inmates, *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Oct. 19, 2022), and the absence of any active infections forecloses compassionate release, *see United States v. Elias*, 984 F.3d 516, 521 & 521 n.1 (6th Cir. 2021) (stating that district courts do not abuse their discretion when they

3

consider whether the facility where the defendant resides is experiencing an outbreak of COVID-19).

Second, his desire to care for his mother, while commendable, is not an extraordinary and compelling reasons for his release, but even if it were, he does not explain why any one of his five sibling—all of whom reside in Greeneville, Tennessee, where his mother also resides, [PSR, Doc. 99, ¶ 67]—cannot care for his mother in his stead, and he therefore fails to establish that he is his mother's lone available caregiver. *See* USSG § 1B1.13 n.1(C)(i)–(ii) (stating that familial hardship can constitute grounds for compassionate release in two instances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"); *see also United States v. Corley*, No. 3:13-cr-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021) ("There is simply no factual predicate for the Court to find [that the defendant's] family circumstances constitute extraordinary and compelling grounds for compassionate release, which typically requires a finding that the Defendant is the only available caregiver." (citing *United States v. Lisi,* 440 F. Supp. 3d, 246, 252 (S.D.N.Y. 2020))); *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)."); *United States v. Marshall*, No. 3:16-CR-00004-JHM, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020) ("[The defendant] fails to provide evidence that [his grandfather] is incapacitated, i.e. that he cannot carry on any self-care. Additionally, the evidence does not reflect that [he] is the only available caregiver for [his grandfather]." (footnote and citations omitted)).

4

In sum, Mr. Moore fails to identity an extraordinary and compelling reason for his release under § 3582(c)(1)(A), and because he has failed to do so, the Court has no need to address § 3553(a)'s factors. *See United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) ("If the court finds that the defendant fails at *any* one of the[] three steps, it need not address the others before denying the motion." (citation omitted)). Mr. Moore's motion for compassionate release [Doc. 188] is therefore **DENIED**.

So ordered.

ENTER:

                                                               s/J. RONNIE GREER
                                               UNITED STATES DISTRICT JUDGE